<u>EMPLOYEE INVENTION AND SECRECY AGREEMENT</u>

I, Robert M. Lyden, understand that as an employee of Nike, Inc. or any of its subsidiaries (hereinafter called "Nike"), I may obtain access to or acquire information confidential to Nike and may conceive or make inventions which are related to Nike's interests. Accordingly, in consideration of my employment or continued employment by Nike and the compensation received or to be received therefor by me from Nike, I accept and agree to the following obligations to Nike:

1.  I agree to disclose promptly and in writing to Nike all inventions which are conceived or made by me during the term of my employment with Nike and which relate to Nike's business, products, research or a reasonable expansion thereof. I agree that such inventions shall be Nike's exclusive property, whether or not patent applications are filed thereon, and I hereby assign and agree to assign to Nike all right, title and interest in and to such inventions.

2.  I agree to perform any lawful acts and execute, at Nike's request and at no expense to me, any and all lawful documents and instruments Nike considers reasonably necessary to perfect and protect its right, title and interest in and to inventions covered by Section 1. above, and any U.S. and/or foreign patent applications covering the same. I further agree that this obligation shall continue after the termination of my employment with Nike.

3.  I agree that unless I have Nike's written authorization, I shall not, either during or after my employment with Nike, (a) disclose to any third party, (b) use or (c) publish any information which is secret and confidential to Nike. Such information, it is understood, may include, but is not limited to, knowledge and data

Page 1.    EMPLOYEE INVENTION AND SECRECY AGREEMENT    90.0731

relating to processes, products, machines, compounds and compositions, formulae, lasts, molds, designs and design concepts, business plans and marketing and sales information originated, owned, controlled or possessed by Nike.  I further understand that as a guide I am to consider information originated, owned, controlled or possessed by Nike, which is not disclosed in printed publications designated by Nike to be available for distribution outside Nike, as being secret and confidential to Nike.  In instances wherein doubt exists in my mind as to whether information is secret and confidential to Nike, I will request in writing an opinion from Nike.

    4.  I agree that items (including, but not limited to, products, data sheets, manuals, reports, drawings, memoranda, blueprints, notes, records, plots, chemical formulations, sketches, plans, photographs, schematics and other tangible items) which I prepare, make, possess or to which I obtain access as a result of my employment with Nike shall at all times be recognized as Nike's exclusive property.  I further agree that at no time, without Nike's written authorization, shall I use, publish or make such items available to third parties and that I shall, upon leaving Nike's employ or at any time upon Nike's request, deliver promptly to Nike all such items (including copies, reproductions and translations thereof) which I have in my possession, custody or control or am aware of their location.

    5.  I agree that Nike shall be entitled to shop rights with respect to any invention conceived or made by me which is not within the scope described above, but which was conceived or made on Nike's time or with the use of its facilities or materials.

Page 2.    EMPLOYEE INVENTION AND SECRECY AGREEMENT    90.0731

6.  This Agreement shall bind me and my heirs, executors, administrators and personal representatives and shall extend to Nike's successors and assigns.

7.  This Agreement shall be interpreted according to the laws of the state of Oregon.

8.  This Agreement is voluntarily entered into and supersedes all prior agreements between Nike and myself with respect to the matters set forth above, excepting the two Mutual Confidentiality Agreements (Nike Form No. 89.0112) between the parties, entered into January 13, 1990, pertaining to (a) Conformable Systems and (b) Aerodynamic Apparel.

9.  In the event any portion of this Agreement shall be unlawful or invalid, all other portions thereof shall remain in full force and effect.

10. There is no other agreement to assign inventions now in existence between myself and a third party covered by Section 1. of this Agreement.

11. I warrant and represent that the following is a full and complete list of all inventions, developments, improvements and discoveries which relate to Nike's business, products, research or a reasonable expansion thereof made or conceived by me prior to my employment by Nike (hereinafter called "Prior Inventions"):

    a.  U.S. Patent No. 4,674,206, issued June 23, 1987, entitled "Midsole Construction/Shoe Insert".

    b.  U.S. Patent Application S.N. 07/410,074, filed September 20, 1989, entitled "Personalized Footbed, Last, and Ankle Support".

Page 3.    EMPLOYEE INVENTION AND SECRECY AGREEMENT    90.0731

   c. U.S. Patent Application S.N. _____,
filed _____, entitled _____
_____ and tentatively
described as a "Conforming and Shock Absorbing Structure".
The application is not yet on file and is being prepared by
Nickolas E. Westman, Esq. of the law firm of Kinney & Lange,
P.A., Suite 1500, 625 Fourth Avenue South, Minneapolis,
Minnesota (File No. L249.12-0001).

   d. The following documents held in the offices of
Kinney & Lange, P.A.:

   1) Disclosures by me to Nickolas E. Westman,
Esq. dated November 27, 1989, December 5, 1989, January 3,
1990, January 5, 1990 and January 6, 1990.

   2) Disclosures by me to Nickolas E. Westman,
Esq. dated May 7, 1990, entitled "Aerodynamic Athletic
Apparel", "Athletic Training Device", and "Waterproof
Articles of Footwear".

   3) Disclosures by me to Nickolas E. Westman,
Esq. dated June 28, 1990, relating to "Coated Microspheres".

Applications, divisions, continuations-in-part and foreign
applications of any of the Prior Inventions shall be deemed
outside the scope of this Agreement, and I am free to
license, make, use and sell the subject matter of these Prior
Inventions without any claim or restriction by Nike.

Robert M. Lyden           _____
Employee               Witness

*Robert M. Lyden*         *Daniel R. Potter*
Address

*Apt #203*
*16384 S.W. Estuary Dr.*       *8-8-90*
City, State, Zip          Date
*Beaverton, OR. 97006*

Page 4. EMPLOYEE INVENTION AND SECRECY AGREEMENT 90.0731