## ATTENTION: GROUP NUMBER 3728

## SECOND PROTEST UNDER 37 CFR 1.291(c)(5)
## Against Pending U.S. Patent Application Serial No. 11/443,617

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

APPLICANT: Grove, et al.      Group Number: 3728

SERIAL NUMBER: 11/443,617     Examiner: Patterson, Marie D.

FILING DATE: May 30, 2006     Status: Pending

TITLE: Footwear with Separable Upper and Sole Structure

**SECOND PROTEST UNDER 37 CFR 1.291(c)(5)**
**Against Pending U.S. Patent Application Serial No. 11/443,617**

Director of Group Number 3728
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**CERTIFICATION UNDER 37 C.F.R. 1.10**

    I hereby certify that, on the date shown below this correspondence is being mailed as "Express Mail Post Office to Addressee" Mailing Label No. ED 999800834 US.

Date: January 9, 2008

Signature _/s/ Robert M. Lyden_
           Robert M. Lyden

**EXPLANATION FOR SECOND PROTEST**

    The issues raised in this second protest are significantly different than those raised earlier because they arise from two newly discovered prior art references: U.S. 2,931,110 granted to Roberto Pietrocola; and, U.S. 3,810,318 granted to Roland Epstein.

    During the course of a recent search of prior art patents concerning an unrelated subject, I discovered U.S. 2,931,110 granted to Pietrocola, and U.S. 3,810,318 granted to Epstein. These two prior art references were not known to me at the time the first protest was filed.

A personal check in the sum of $130.00 for payment of the second protest processing fee under 37 CFR 1.17(i) is attached hereto.

As of today, January 9, 2008, the public PAIR system indicates that the protested U.S. patent application serial number 11/ 413,667 has been allowed by Examiner Marie D. Patterson in Group Art Unit 3728, but the application has not yet issued. In accordance with MPEP 1308, the Director and Examiner may then take steps to withdraw allowance of the case and re-open the prosecution.

## IDENTIFICATION OF APPLICATION

This is the second protest by the party in interest under 37 CFR 1.291(c)(5) against the above identified pending U.S. patent application serial number 11/443,617 for "Footwear with Separable Upper and Sole Structure" by Grove, et al., which is assigned to Nike, Inc., filed May 30, 2006, filed February 23, 2005, and published as US 2006/0213088 A1 on September 28, 2006. The protested case is assigned to Examiner Marie D. Patterson in Group Art Unit 3728.

## SERVICE OF PAPERS

Service of a complete copy of these papers was made by depositing a copy of these papers with the United States Postal service on January 9, 2008 in an envelope that was mailed with sufficient postage as "Express Mail Post Office to Addressee," Mailing Label No. _ED 999800803 US_, and addressed to the applicant's last named attorney of record, namely, William F. Rauchholz of Banner & Witcoff, Ltd., 1100 13th Street, N.W., Suite 1200, Washington, D.C. 20005-4051, phone: (202) 824-3000, and another complete copy of these papers was also sent to James A. Niegowski, an in-house patent attorney for Nike, Inc., by depositing another copy with the United States Postal service on January 9, 2008 with sufficient postage as first class mail in an envelope that was addressed to James A. Niegowski, Nike, Inc., One Bowerman Drive, Beaverton, OR 97005, phone: (503) 671-6453. Attached as evidence of service is a copy of "Express Mail Post Office to Addressee" Mailing Label No. _ED 999800803 US_.

## LISTING OF INFORMATION RELIED ON

Listed on the attached Form PTO-1449 are the patents, publications or other information relied upon.

## COPIES OF LISTED ITEMS

Complete copies of U.S. 2,931,110 and U.S. 3,810,318 have been provided to the examiner as a courtesy for the purpose of facilitating review of this matter.

## RELEVANCE OF LISTED ITEMS

Pending Nike patent application serial number 11/443,617 as to which this protest is filed and which is presently before the examiner is a continuation of U.S. patent application serial number 11/134,112, filed May 19, 2005, now U.S. 7,076,890, which in turn is a continuation of U.S. patent application serial number 10/349,398, filed January 21, 2003, now U.S. 6,915,596.

The key patentable matter in the protested patent application serial number 11/443,617 relates to a particular mating "locking system" structure as between the upper and sole for removably securing the two parts together.

### U.S. 2,931,110

U.S. 2,931,110 granted to Pietrocola shows a plurality of "projections 14'" which extend through the bottom side of a shoe sole and form "bulges." As recited in Column 1, Lines 57-70 and continuing through Column 2, Lines 1-29, the "projections 14'" extend from a "thinned out portion 7" of the "frame or body." In this regard, the "projections 14'" can be made of a plastic material which can be injected molded. As discussed in Column 2, Lines 26-29, when a plastic material is used to make the protruding portions, the component cannot be later (non-destructively) separated from the "frame" or "body."

Alternatively, as recited in Column 2, Lines 42-57, the "projections 14'" can be made of a natural or synthetic rubber and compression molded. Further, as recited in Column 2, Lines 36-41, and shown in Figures 5-6, the protruding portions of the elastic material can be made in various shapes, as desired. U.S. 2,931,110 does not specifically recite whether or not the portion of the sole including the "projections" can be non-destructively separated from the "frame" or "body" when a natural or synthetic rubber "elastic" material is used to make the protruding portions. However, an "elastic" natural or synthetic rubber material could be capable of becoming mechanically disengaged from the "frame" or "body" unless it was chemically bonded, fused, cemented by adhesives, or otherwise permanently affixed thereto. At the time Pietrocola filed for U.S. 2,931,110, there existed rubber chemical bonding agents and adhesives, but also mold release agents which could have provided either of these physical capabilities.

### U.S. 3,810,318

U.S. 3,810,318 granted to Epstein shows and recites substantially all of the important features of pending U.S. patent application serial number 11/443,617 being protested regarding the "locking system" structure as between the upper and sole for removably securing the two parts together.

4

In brief, while not meaning to disregard other figures and passages which may be relevant, the following passages and figures of U.S. 3,810,318 are particularly relevant to the protested pending U.S. patent application serial number 11/443,617. The examiner's attention is directed to Figures 1-4, and in particular, the "anti-slip nubs 21" or "undercut protrusions."

Further, the examiner's attention is directed to the discussion found in Column 2, Lines 67-68 and continuing through Column 3, Lines 1-10, which is reproduced in part below:

> The invention is furthermore characterized by anti-slip protrusions which are on the elevated section of the reinforcement and which extend through corresponding openings in the outer sole so that a highly satisfactory assurance against slipping will be obtained. A particularly simple manufacturing process is obtained when the anti-slip protrusions form one piece with the reinforcement and are preferably block-shaped so that they can be formed by sections injection molded together with the reinforcement. Instead of Bocks, knubs, or the like, also cushion-like inserts of flat contour may be provided.

In addition, the examiner's attention is directed to the discussion found in Column 3, Lines 27-39 which is reproduced in part below:

> ...Such connecting elements may be formed by anti-slip or centering means. It is particularly expedient to form the connecting elements by undercut protrusions for extending through recesses in the outer sole or the shoe or upper so that already by means of these connecting elements a safe connection of the shoe upper with the prefabricated structural element described above will be obtained. As connecting element there may be provided either a narrow, for instance rectangular or triangular, stud or pin, or any other suitable design of the protruding element may be selected, the recess in the shoe shaft having a corresponding shape.

The examiner's attention is also directed to the discussion found in Column 5, Lines 19-38 which is reproduced in part below:

> ...In the front region, the elevated central section 16 has a plurality of anti-slip knubs 21 which are distributed over a desired area and which have a greater height than the centering pin 20. These members 21 extend through corresponding holes in the sole 5 in such a manner that they protrude beyond the bottom side of the outer sole 5. The anti-

5

slip knubs 21 fit precisely into these holes and thus likewise contribute to a proper adjustment of the outer sole 5 with regard to the structural element 3, 7, 10.

Within the region of the heel section 7, the outer side of the reinforcement 10 is provided with a triangular protrusion 22 which extends through a corresponding recess in the rear portion of shaft 1 and is undercut so that it extends over the rim of the recess in upper 1 on the outside and thus serves as connecting element for connecting upper 1 to the structural element 3, 7, 10. Also the centering pin 20 or the anti-slip members 21 may be correspondingly undercut.

Moreover, within U.S. 3,810,318 granted to Epstein, Claims 3, 17, 19, 20, 21, 31, 32, 33, 34, 35, and 36 recite substantially all of the important features of pending U.S. patent application serial number 11/443,617 by Grove et al., assigned to Nike, regarding the "locking system" structure as between the upper and sole for removably securing the two parts together.

This protest is filed to specifically bring to the attention of the examiner the pertinent portions of U.S. 2,931,110 and U.S. 3,810,318 that render the pending claims in patent application serial number 11/443,617 unpatentable.

## ACKNOWLEDGEMENT OF PROTEST BY PTO

Please acknowledge receipt of this protest by stamping and returning the green attached self addressed postcard.

## IDENTIFICATION OF PROTESTOR

Respectfully submitted by,

*Robert M. Lyden*
Robert M. Lyden

18261 S. W. Fallatin Loop
Aloha, OR 97007
E-mail: robertlyden@comcast.net
Phone: (971) 219-1200

6

Sheet _1_ of _1_

| FORM PTO-1449 | | Atty. Docket No.: | Serial No.: |
|---|---|---|---|
| LIST OF PATENTS AND PUBLICATIONS FOR APPLICANT'S INFORMATION DISCLOSURE STATEMENT | | Applicant: | |
| | | Filing Date | Group Art: |

U.S. PATENT DOCUMENTS

| Examiner Initial | Document No. | Date | Name | Class | Sub Class | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| AA | 2,931,110 | 4/1960 | Pietrocola | 36 | 30 | |
| AB | 3,810,318 | 5/1974 | Epstein | 36 | 2.5F | |
| AC | | | | | | |
| AD | | | | | | |
| AE | | | | | | |
| AF | | | | | | |
| AG | | | | | | |
| AH | | | | | | |
| AI | | | | | | |
| AJ | | | | | | |
| AK | | | | | | |

FOREIGN PATENT DOCUMENTS

| | Document No. | Date | Country | Class | Sub Class | Translation Yes  No |
|---|---|---|---|---|---|---|
| AL | | | | | | |
| AM | | | | | | |
| AN | | | | | | |

OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| AO | |
| AP | |
| AQ | |

| EXAMINER: | DATE CONSIDERED: |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.