IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT M. LYDEN,

            Plaintiff,

    v.

NIKE, INC., an Oregon corporation,
MARK PARKER, CEO of Nike, Inc.,
an individual, and PHILIP KNIGHT,
co-founder of Nike, Inc., an individual,

            Defendants.

No. 3:13-cv-00662-HZ

OPINION & ORDER

Robert M. Lyden, Pro Se
18261 SW Fallatin Loop
Aloha, OR 97007

Nathan C. Brunette
Per A. Ramfjord
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204

    Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Robert Lyden originally brought this action for patent infringement and several common law violations against Defendant Nike, Inc. Plaintiff Lyden alleged that Nike infringed his U.S. Patent No. 8,209,883, "Custom Article of Footwear and Method of Making the Same," and interfered with his ability to market his footwear patents. Nike moved to dismiss Lyden's common law claims. On October 22, 2013, I granted in part Defendant's motion to dismiss. With the exception of the conversion claim, Lyden's common law claims failed to state a claim and did not comply with Rule 8's requirement for a short and plain statement. Lyden was allowed 30 days to file an amended complaint, which he did so. Because the amended complaint fails to comply with Rule 8, I dismiss the complaint sua sponte.

## STANDARDS

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" Walsh v. Nevada Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain only (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Id. (quoting Rule 8(a)). Under notice pleading, the 'short and plain' statement need only give "'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

While a complaint devoid of any factual recitation or of any articulation of an intended legal theory may not pass muster under the liberal notice pleading rules, a complaint runs afoul of Rule 8's requirements when it is excessively verbose, contains immaterial or only slightly

relevant background or other facts, and fails to clearly link what facts and causes of actions are being asserted against a particular defendant. As Conley noted, the system of notice pleading "do[es] not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47.

DISCUSSION

Plaintiff's original complaint consisted of 72 pages and 53 exhibits that exceeded 2300 pages. Although the legal theories were specifically pled, e.g. "conversion," Plaintiff incorporated by reference all the paragraphs preceding each claim. For example, paragraphs one through 219 were incorporated by reference for the conversion claim. In my October 22, 2013 Opinion and Order, I explained that Plaintiff's complaint failed to comply with Rule 8.

> Plaintiff's complaint fails to comply with Rule 8, which requires that a pleading contain a "*short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quotation omitted). Many of the allegations in the complaint have no bearing on the claims pled….If Lyden wishes to file an amended complaint to cure the deficiencies previously stated, the complaint must also comply with Rule 8.

Oct. 22, 2013 Op. & Order, 11.

Plaintiff timely filed an amended complaint. Like the original complaint, the amended complaint fails to comply with Rule 8. The amended complaint is 108 pages with 94 exhibits that exceed 3000 pages. The first 283 paragraphs (totaling 92-pages) are provided as background information. Plaintiff again incorporates by reference all 283 introductory paragraphs into each claim. The relevance of these paragraphs to each of the claims for patent infringement, conversion, fraud, and unfair competition is not readily discernible. A complaint of this nature imposes an unfair burden on the court and Defendants to determine the relevance

3 - OPINION & ORDER

of each allegation to each claim and each Defendant. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

In my prior order, I cautioned Plaintiff that his amended complaint must comply with Rule 8. It clearly does not. Plaintiff's amended complaint is dismissed for failure to comply with Rule 8. If Plaintiff wishes to file a second amended complaint, it *must* comply with Rule 8. Under Rule 84, the Federal Rules of Civil Procedure's Appendix of Forms provides several examples of complaints that comply with Rule 8. For example, Forms 18 and 19 state claims for patent infringement and unfair competition.

## CONCLUSION

Based on the foregoing, Plaintiff's amended complaint [20] is dismissed for failure to comply with Rule 8. Plaintiff may file a second amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated this 25 day of November, 2013.

MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER