IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT M. LYDEN,

        Plaintiff,

   v.

NIKE INC., an Oregon corporation,
MARK PARKER, CEO of Nike, and
PHILIP KNIGHT, Co-founder of Nike,

        Defendants.

No. 3:13-cv-00662-HZ

OPINION & ORDER

Robert M. Lyden
18261 SW Fallatin Loop
Aloha, OR 97007

    Pro Se Plaintiff

Nathan C. Brunette
Per A. Ramfjord
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204

    Attorneys for Defendants

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Robert Lyden brought this action for patent infringement and several common law violations against Defendants Nike, Inc., Mark Parker, the CEO of Nike, and Philip Knight, the co-founder of Nike. Plaintiff's initial complaint and first amended complaint were previously dismissed with leave to amend. Plaintiff filed a second amended complaint. Defendants moved to dismiss the conversion, fraud, and unfair competition/RICO claims with prejudice because the claims were preempted, failed to state a claim, or were time-barred. On June 6, 2014, I granted Defendants' motion to dismiss. Plaintiff now moves for reconsideration [44] of the dismissal. Because there is no basis for reconsideration, I deny the motion.

## STANDARDS

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff does not state which Federal Rule of Civil Procedure governs his motion, but presumably he relies on either: (1) Federal Rule of Civil Procedure 54(b), which allows a district court to revise an interlocutory order which "adjudicates fewer than all of the claims…at any time before entry of judgment adjudicating all of the claims"; or (2) the district court's inherent common-law authority to rescind or modify any interlocutory order as long as the court retains jurisdiction over the matter.[1] Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005); Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 887 (9th Cir. 2001).

Rule 54(b) does not address the standards a district court should apply when reconsidering an interlocutory order, but several district courts in the Ninth Circuit have applied

---

[1] Rules 59(e) and 60(b) do not apply because there is no final judgment or appealable interlocutory order in this case.

standards of review substantially similar to those used under Rules 59(e) and 60(b).  Courts have held that motions to reconsider under Rule 54(b), while generally disfavored, may be granted if:

> (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence;
>
> (2) there are new material facts that happened after the Court's decision;
>
> (3) there has been a change in law that was decided or enacted after the court's decision; or
>
> (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

Stockamp & Assocs. v. Accetive Health, No. CV 04-1443-BR, 2005 U.S. Dist. LEXIS 43061, at *18 (D. Or. 2005); Nike, Inc. v. Dixon, No. CV 01-1459-BR, 2004 U.S. Dist. LEXIS 13606, at *4-5 (D. Or. 2004), aff'd, 163 Fed. Appx. 908 (Fed. Cir. 2006); see also Motorola. Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 583-86 (D. Ariz. 2003) (adopting the same standard).

Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (trial court did not abuse its discretion in denying motion for reconsideration because the moving party presented no arguments which the court had not already considered).  The motion to reconsider should not be used to ask the court to rethink matters already decided.  Motorola, 215 F.R.D. at 582.

## DISCUSSION

Plaintiff requests reconsideration of the order of dismissal based on the following arguments:  (1) the court's misinterpretation of Plaintiff's conversion claim and that patent law does not preempt the conversion claim, (2) Plaintiff's fraud claim is not barred by the statute of

limitations because Plaintiff's discovery of the fraud occurred later than April 21, 2010, and (3) Plaintiff has sufficiently stated a claim for unfair competition/RICO claim.

I have reviewed Plaintiff's arguments and find that there is no basis for reconsideration of the order dismissing Plaintiff's state law claims. None of the circumstances that would justify reconsideration under Rule 54(b) apply here. There are no material differences in fact or law different than that presented; there are no new material facts that occurred after the order issued; there has not been a change in the law; and there are no material facts that the court failed to consider. Plaintiff's request for reconsideration is denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration [44] is denied.

IT IS SO ORDERED.

Dated this 15 day of September, 2014.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

4 - OPINION & ORDER